UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SAROKI,
      Plaintiff,

v.                                   Case No. 12-13961
                                   Honorable Patrick J. Duggan

THE BANK OF NEW
YORK MELLON,
      Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff's counsel, Emmett Greenwood, appears to be surviving in this economy by filing lawsuits on behalf of individuals who have lost their homes to foreclosure. In the current year, alone, he has filed more than fifty cases in this District (or which have been removed to this District from state court) on behalf of such individuals. *See, e.g.*, *Kopko v. The Bank of New York Mellon*, No. 12-13941 (removed June 10, 2012); *Bahnam v. Green Tree Servicing LLC*, No. 12-12303 (removed May 25, 2012); *Janney v. HSBC Bank*, No. 12-11583 (removed Apr. 6, 2012); *McCoy v. The Bank of New York Mellon*, No. 12-11110 (removed Mar. 13, 2012); *McCraney v. Bank of America, NA*, No. 12-11082 (removed Mar. 12, 2012); *Koyle v. Fannie Mae*, No. 12-11065 (removed Mar. 9, 2012); *Powers v. Chase Bank USA, NA*, No. 12-10814 (removed Feb. 22, 2012); *McKendrick v. Fannie Mae*, No. 12-10730 (removed Feb. 17, 2012); *Harvey v. PNC Bank, NA*, No. 12-10620 (removed Feb. 13, 2012); *Jabow v. Chase Home Finance LLC*, No. 12-10370 (removed Jan. 27, 2012); *Boyd v. Bank of America, NA*, No. 12-10351 (removed Jan. 26, 2012). Unfortunately for the individuals he represents, Mr. Greenwood

has filed the identical cookie-cutter complaint in every case (at least those filed in the last year) and the judges in this District consistently have held that the complaint fails to state a claim upon which relief may be granted. The Complaint filed in the present case is no exception and thus the Court is granting Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed October 11, 2012.[1]

## I.    Factual and Procedural Background[2]

On April 11, 2006, Plaintiff obtained a loan in the amount of $266,400.00 from Intervale Mortgage Corporation, which was evidenced by a promissory note ("Note") executed by Plaintiff. (Def.'s Mot. Ex. A.) As security for the loan, Plaintiff granted a

---

[1]Mr. Greenwood has not only filed the same complaint in every case, but at least in the last two of his cases handled by the undersigned, he has filed the identical brief in response to the defendant's motion to dismiss.

[2]Mr. Greenwood sets forth scant factual detail in the complaints he files on behalf of his clients; but as he has in each complaint, he does allege here that: (1) "Plaintiffs [sic] claim as [sic] interest in the above-described property as follows: Fee Simple Absolute by way of an executed Warranty Deed"; (2) "That the Plaintiff purchased the subject property, and is currently residing [therein]"; (3) "That the Plaintiff, [sic] attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property"; (4) "That a Sheriff's Sale was held, 2011"; (5) "Defendants [sic] claim an interest in the same property as follows: Fee Simple by way of a Sheriff's Sale and Sheriff Deed; (6) "That since the Sheriff's Sale, Plaintiff and their [sic] representatives have attempted in good faith to continue with the Settlement process to no avail"; and (7) "That the redemption period for the Sheriff's Sale has expired." (Compl. ¶¶ 3-9.)

Nevertheless, in ruling on a Rule 12(b)(6) motion, the Court may consider documents referenced in the pleadings that are central to the plaintiff's claims or that are of the sort of which a court generally may take judicial notice, such as public records. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

2

mortgage ("Mortgage") to real property located at 1463 Covington Unit #46 in Commerce Township, Michigan ("Property").  (*Id.* Ex. B.)  The Mortgage identifies as the mortgagee Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender and the lender's successors and assigns.  (*Id.*)  The Mortgage is dated April 11, 2006, and was recorded with the Oakland County Register of Deeds on May 22, 2006.  (*Id.*)  On January 26, 2011, MERS assigned the Mortgage ("Assignment") to Defendant as Trustee for the Certificateholders of the GSC Capital Corporation Mortgage Trust 2006-2 GSC Alternative Loan Trust Note Series 2006-2 ("Trust").  (*Id.* Ex. C.)  The Assignment was recorded with the Oakland County Register of Deeds on February 9, 2011.  (*Id.*)

In 2011, Defendant, as Trustee for the Trust, initiated foreclosure by advertisement proceedings with respect to the Property and a sheriff's sale ultimately was held on October 11, 2011.  (Compl. ¶ 7; Def.'s Mot. Ex. D.)  Defendant, as Trustee for the Trust, was the successful bidder at the sale, purchasing the Property for $314,016.73.  (Def.'s Mot. Ex. D.)  The redemption period expired on or about April 11, 2012, with Plaintiff failing to redeem the Property.  (*Id.*)

On August 8, 2012, Plaintiff initiated this action in the Circuit Court for Oakland County, Michigan.  In the Complaint, Plaintiff alleges the following counts: (I) quiet title; (II) unjust enrichment; (III) breach of implied agreement/specific performance; and (IV) breach of Michigan Compiled Laws § 600.3205c.  Defendant removed the Complaint to federal court based on diversity jurisdiction on September 7, 2012, and filed a motion to

dismiss pursuant to Rule 12(b)(6) on October 11, 2012.  Plaintiff filed a response to the motion the following day.  On October 22, 2012, this Court issued a notice informing the parties that it sees no need for oral argument to decide the motion and that it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## II.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

To the extent that a plaintiff alleges fraudulent conduct on the part of the defendant, such allegations also must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir.2008) (internal quotation marks and citation omitted). At a minimum, the plaintiff must allege the time, place and contents of the misrepresentations upon which he or she relies. *Id.* (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)).

5

**III.     Applicable Law and Analysis**

Defendant argues that Plaintiff's claims are barred by the statute of frauds and/or fail to state a claim upon which relief may be granted.  Defendant further argues that the claims are barred by Plaintiff's unclean hands, in that he failed to comply with his obligations under the Mortgage and Note.

**A.     Quiet Title (Count I)**

When a plaintiff seeks to quiet title to property, he or she has the burden of proof and must make out a *prima facie* case of title to the property.  *Beaulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999).  If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to establish superior right or title to the property.  *Id*. Although the factual allegations in Plaintiff's Complaint are scant, those allegations which are pled indicate that Defendant, as Trustee of the Trust, has a superior title to the Property based on the sheriff's sale and expiration of the redemption period.  Plaintiff fails to allege facts to establish otherwise.

Michigan statutory law provides a mortgagor of residential property a period of six months from the date of the sheriff's sale to redeem the property.  Mich. Comp. Laws § 600.3240(8).  Once the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property.  *Id*. § 600.3236.  At that time, the mortgagor may undo the sale *only* by demonstrating fraud or irregularity in the foreclosure proceedings.  *Overton v. Mortg. Elec. Registration Systems*, No. 284950,

2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *Ellison v. Wells Fargo Home Mortg., Inc.*, 09-14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010) (citing *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001) ("The type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself.")).

There is no dispute that the redemption period has expired with respect to the Property.  (Compl. ¶ 9.)  Plaintiff fails to allege facts to support a finding of fraud or irregularity in the foreclosure proceedings.  The only wrongdoing set forth in Plaintiff's Complaint is Defendant's alleged interference with his purported attempt to enter a loan modification or "negotiate[] [a] settlement to keep possession of his home."  (Compl. ¶¶ 12, 16; *see also id*. ¶¶ 21, 27.)  Even accepting this allegation as true, it is not sufficient to establish fraud or an irregularity in the foreclosure proceedings that would justify setting aside the foreclosure sale.  *See Jabow v. Chase Home Finance LLC*, No. 12-10370, 2012 WL 2524283, at *2 (E.D. Mich. June 29, 2012) (finding the plaintiff's allegation that the defendant "intentionally designed its actions to preclude [the] Plaintiff from entering a loan modification program" insufficient to set aside a foreclosure sale); *Harvey v. PNC Bank*, No. 12-10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (same); *Powers v. Chase Bank USA, N.A.*, No. 12-10814, 2012 WL 1945474, at *3 (E.D. Mich. May 30, 2012) (same).  In other words, the alleged failure of a mortgage holder or servicer to comply with Michigan's loan modification statute, Michigan Compiled Laws § 600.3205c, is not a basis for setting aside an eventual sheriff's sale.  *Id*.

2:12-cv-13961-PJD-DRG   Doc # 8   Filed 10/31/12   Pg 8 of 12   Pg ID 152

§ 600.3205c(8); *see also Block v. BAC Home Loans Servicing LP*, No. 11-11181, 2012 WL 2031640, at *3 (E.D. Mich. June 6, 2010) (collecting cases).

Viewed charitably, Plaintiff is alleging that Defendant had a fraudulent intent to mislead Plaintiff into believing that his loan was being modified and that he could retain possession of the property while it simultaneously was pursuing foreclosure proceedings. In fact in response to Defendant's motion, Plaintiff expressly states that he "has clearly shown through their [sic] pleadings that the Plaintiffs [sic] were misled into believing that the Sheriff [sic] Sale would not occur pending the outcome of the Loan Modification process." (Pl.'s Resp. Br. at 1.)  Plaintiff, however, has not set forth facts in any pleading to show– much less to "clearly show[]"– that he was defrauded.  Accordingly, Plaintiff also fails to satisfy the stringent pleading requirements of Federal Rule of Civil Procedure 9(b) to support a claim of fraud.[3]  *See infra*.

For these reasons, Count I of the Complaint must be dismissed.

## B.     Unjust Enrichment (Count II)

To plead a claim of unjust enrichment under Michigan law, a plaintiff must establish that the defendant received and retained a benefit from the plaintiff, resulting in an inequity.  *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 36, 718

---

[3]In response to Defendant's motion, Plaintiff's asserts that "the elements of Fraud and Misrepresentation are spelled out in [his] Complaint."  (Pl.'s Resp. at 7.)  However, "a formulaic recitation of the elements of a cause action" is not sufficient to survive a motion to dismiss.  *Twombly, supra*.  Federal Rule of Civil Procedure 8 requires the pleading of *facts* sufficient to "state a claim to relief that is plausible on its face."  *Iqbal, supra*.

N.W.2d 827, 841 (2006).  Michigan courts then will imply a contract to prevent the defendant from being unjustly enriched.  *Id*.  However, courts will not imply a contract where there is an express contract governing the subject matter.  *Id*.

In Count II of his Complaint, Plaintiff alleges that if the Sheriff's Deed granting title to Defendant "were to stand, Defendants [sic] would be unjustly enriched in excess of $25,000 and Plaintiff would suffer a loss in that amount, plus the loss of the subject property as a result of attempting in good faith to modify the Loan or negotiate a settlement in order to keep possession of her [sic] home."  (Compl. ¶ 18.)  The Note and Mortgage, however, establish the rights and obligations of the parties relative to the Property, including Defendant's right to foreclose in the event of Plaintiff's non-payment in accordance with the Note.  Therefore there is an express contract governing the subject matter.

Moreover, Plaintiff fails to plead that Defendant received a benefit to which it was not entitled.  Plaintiff's response to Defendant's motion in which he asserts that Defendant has legal title to the property, the proceeds of the sheriff's sale, and can sue Plaintiff for the deficiency, fares no better in stating a viable unjust enrichment claim. Plaintiff states that "[t]he inequity to the Plaintiff is obvious."  (Pl.'s Resp. Br. at 2.)  It is not obvious to this Court.

For these reasons, Count II of the Complaint also fails to state a claim upon which relief may be granted.

**C.**    **Breach of Implied Agreement/Specific Performance (Count III)**

In Count III of his Complaint, Plaintiff seeks an order requiring Defendant to continue processing the loan modification or negotiate a settlement so Plaintiff can keep possession of his home.  In essence, Plaintiff is asking the Court to find an implied agreement requiring Defendant to modify the loan or make some other agreement enabling him to maintain possession.[4]

Under Michigan law, "[a] contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction."  *Erickson v. Goodell Oil Co.*, 384 Mich. 207, 212, 180 N.W.2d 798, 800 (1970).  Plaintiff alleges no facts implying that he and Defendant entered into an agreement to modify his loan.  In fact, Plaintiff expressly asserts in his Complaint that no agreement was reached.  (*See, e.g.*, Compl. ¶ 10 ("That Defendant must be ordered to continue the processing of the Loan Modification and/or negotiate in good faith a settlement on the subject property so that the Plaintiff can enter into a Loan Modification.").)

This claim also fails because, under Michigan's statute of frauds, any alleged promise by a financial institution to modify the terms of a loan must be reduced to writing to be enforceable.  *See* Mich. Compiled Laws § 566.132(2); *Crown Tech. Park v. D&N*

---

[4]Notably, Plaintiff has not alleged that Defendant is the holder of the Note.  As such, it is not even apparent that Defendant has the authority to comply with the agreement Plaintiff is asking the Court to imply.

*Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000) (interpreting Section 566.132(2) as precluding any claim– "no matters its label– against a financial institution to enforce the terms of an oral promise to [make a financial accommodation].").

For these reasons, Plaintiff fails to state a claim in Count III of his Complaint.

### D.    Violation of Michigan Compiled Laws § 600.3205c (Count IV)

In Count IV of his Complaint, Plaintiff lists the requirements of § 600.3205c and then merely alleges "[t]hat Defendants [sic] have failed to follow MCL 3205(c) [sic] in that the Defendants [sic] have failed to modify Plaintiff's mortgage." (Compl. ¶ 27.) Plaintiff therefore has not pled sufficient facts to establish a violation of § 600.3205c. Notably, Plaintiff has not alleged facts to suggest that he is entitled to whatever relief the statute provides (e.g. that he contacted a housing counselor and was eligible for a modification). *See* Mich. Comp. Laws §§ 600.3205c(1), (6), and (7). In fact, Defendant filed an affidavit as part of the foreclosure proceedings, entitled "Affidavit of MCL 600.3205 Notice," that states that while Plaintiff did request a meeting with a housing counselor pursuant to Section 600.3205b, he was not eligible for a loan modification. (Def.'s Mot. Ex. D.)

But even if Plaintiff was eligible for a modification, courts in the Eastern District of Michigan uniformly have held that a violation of Section 600.3205c is insufficient to justify setting aside a completed foreclosure sale. *See, e.g., Dingman v. OneWest Bank, FSB*, 899 F. Supp. 2d 912, 922 (E.D. Mich. 2012) (Cohn, J.); *Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) (Battani,

11

J.); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *8, 10 (E.D. Mich. Feb. 24, 2011) (Cook, J.); *Block*, 2012 WL 2031640, at *4 (Duggan, J.).  This is because the statute does not require the mortgage holder or servicer to modify the mortgage loan.  *See* Mich. Comp. Laws § 600.3205c(8); *see also Dingman*, 899 F. Supp. 2d at 922.  Further, the statute expressly provides for a different form of relief: that "[i]f a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure."  *Id*.  "The provision allows certain borrowers to determine the type of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure."  *Stein*, 2011 WL 740537, at *10.

In short, Plaintiff also fails to state a viable claim in Count IV of his Complaint.

## IV.    Conclusion

For the reasons set forth above, the Court holds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED**.


Dated: October 31, 2012                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Emmett Greenwood, Esq.
Brian C. Summerfield, Esq.

12